IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-197-BO

| | | |
|---|---|---|
| EDDIE WISE AND DOROTHY MONROE-WISE, Plaintiffs, | ) ) ) ) | |
| v. | ) ) ) ) | **ORDER** |
| TOM VILSACK, Secretary, U. S. Department of Agriculture, Defendant. | ) ) ) | |

Before the Court is Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment [DE 71]. The Plaintiff has responded in opposition to the instant Motion, the Defendant has filed a reply, and the Motion is ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Nine African-American and female farmers brought a class action on October 19, 2000, in the District Court for the District of Columbia, alleging that the United States Department of Agriculture ("USDA") discriminated against them on the basis of race and sex by denying them credit and other benefits under farm programs. Plaintiffs sought relief under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), and the Fifth and Thirteenth Amendments to the Constitution (Compl. at ¶ 1.)

The United States requested additional time to answer, a stay, dismissal, and summary

judgment on March 25, 2002. The court, by an order dated March 31, 2003, stayed the entire action based upon related litigation, dismissed the Plaintiffs' claims under the APA, Title VI, and those relating to USDA's failure to investigate discrimination, and struck Plaintiffs' demand for a jury trial. On December 12, 2007, the Court entered an order denying Plaintiffs' motion to certify a class. After a status conference and motions, the District of Columbia Court transferred venue to this Court on March 17, 2009.

This Court lifted the stay previously entered and severed the distinct discrimination claims of the eight remaining Plaintiffs by an order entered May 13, 2010. On July 12, 2010, the Defendant filed a Motion to Dismiss the Complaint or, Alternatively, for Summary Judgment. That Motion is presently before the Court.

The Plaintiffs are husband and wife. Plaintiffs are also African-American. Plaintiffs allege they attempted to purchase a 105 acre farm suitable for a swine operation (the "Lynch farm") held in the USDA Farmers Home Administration ("FmHA") inventory. Plaintiffs allege they inquired about the Lynch farm in June, 1991, and submitted an application to purchase it sometime in 1992. Plaintiffs allege they were eligible for a loan through the socially disadvantaged farmer program, the beginning farmer program, and the guaranteed loan program administered by USDA. Plaintiffs allege that as they attempted to obtain USDA loans and other forms of financial assistance, they were "intentionally and unlawfully discouraged, delayed and denied" in their efforts, in violation of the law. (Compl. at ¶ 6.)

The Complaint alleges Nash County, North Carolina USDA Supervisor F. Sydney Long discriminated against the Wises, on account of their race, by

a) failing to provide them loan applications when requested;

2

b) failing to provide them with technical support and assistance to facilitate the submission and approval of their various applications;

c) failing to submit their applications to USDA in a timely manner;

d) failing to appropriately assist and advise them with adequate information and assistance for guaranteed loans through outside lenders;

e) failing to timely process the completed loan applications;

f) intentionally, discriminatorily [sic], and summarily denying their loan applications;

g) failing to offer them options other than leasing the Lynch farm in an act of retaliation because Long's arbitrary, capricious, erroneous decision denying the Wises [sic] category 1 status and placing them in primary position to purchase the Lynch farm was overturned on appeal to the Nation Appeals Division;

h) failing to offer them other options authorized for socially disadvantaged farmers and beginning farmers pursuant to USDA regulations in retaliation for complaints of discrimination filed by the Wises between 1992 and 1997, with the State Director of Farmers Home Administration, Congresswoman Eva M. Clayton, Congressman David Funderburke, Congressman Wayne T. Gilchrest, Director of Civil Rights and Small Business Development Staff at USDA, Willie D. Cook, the Director of the Office of Civil Rights for USDA, Lloyd Wright, and Secretary of USDA Daniel R. Glickman.

(Compl. at ¶ 7.)

The Wises seek relief in the form of actual damages in the amount of $2,000,000 and punitive damages in the amount of "at least $1,000,000" (Compl. at ¶ 9.)

## DISCUSSION

A.  Dismissal Standard Under Rule 12(b)(6)

Defendant has moved for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588

F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

  i. <u>Plaintiffs' ECOA Claim</u>

Here, Defendant is entitled to dismissal of Plaintiffs' ECOA claim under Rule 12(b)(6) because Plaintiffs have failed to sufficiently plead facts manifesting their plausible right to relief under the ECOA. Unlawful discrimination under the ECOA must be proven using one of three theories: (1) direct evidence of discrimination; (2) disparate treatment analysis; or (3) disparate impact analysis. *See, e.g., Shiplet v. Veneman*, 620 F. Supp. 2d 1203, 1223 (D. Mt. 2009) (citations omitted).

Rather than pursue a direct discrimination or disparate impact theory of discrimination, Plaintiffs rely solely upon disparate treatment analysis. For disparate treatment claims, the plaintiff must allege and come forward with circumstantial evidence that creates an inference to

4

"shift the burden" to the defendant to defend the treatment. Disparate treatment analysis in the context of an ECOA violation is analogous to the framework outlined in *McDonnell Douglass Corp v. Green*, 411 U.S. 792 (1973), and its progeny. *See, e.g., Crestar Bank v. Driggs*, 1993 WL 198187, at *1 (4th Cir. June 11, 1993); *Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331, 1337 (M.D. Ala. 2003).

If the plaintiff alleges and presents evidence to shift the burden, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory actions. While the intermediate evidentiary burden shifts under the disparate treatment analysis, the ultimate burden of persuasion as to discrimination remains with the plaintiff at all times. *See, e.g., Shiplet*, 620 F. Supp. 2d at 1232.

In ECOA disparate treatment cases, courts have framed the prima facie test as requiring plaintiffs to demonstrate:

(1) they are a member of a protected class;

(2) they applied for an extension of credit;

(3) they were rejected despite their qualifications; and

(4) others of similar credit stature were extended credit or were given more favorable treatment than plaintiffs.

*See, e.g., Cooley*, 280 F. Supp. 2d at 1339-40 (fourth element requires proof "that the defendant continued to approve loans or applicants outside of the plaintiff's protected class with similar qualification" because plaintiff must show similarly situated persons outside the class were treated differently).

Here, although the Complaint is sufficient with respect to the first three prima facie

5

elements, it is devoid of any plausible substantive allegations establishing the fourth and final element of an ECOA claim.

It is undisputed that the Plaintiffs are African-Americans and therefore members of a protected class. It is also undisputed that Plaintiffs applied to the USDA for an extension of credit or credit-related services or assistance. Moreover, Plaintiffs have sufficiently pled that they were rejected for financing despite their qualifications, thus satisfying the third prong of an ECOA prima facie case (Compl. at ¶ 7(h)) (alleging that USDA Supervisor Sidney Long's denial of the Wises' application "was overturned on appeal to the Nation Appeals Division," creating an inference that Long's denial was improper).

However, with respect to the fourth and final element of an ECOA prima facie case, Plaintiffs fail to sufficiently allege that other similarly-situated applicants, outside Plaintiffs' protected class, were treated more favorably by the USDA in the provision of credit or in the provision of services or assistance. In fact, this Court's searching review of the Complaint reveals no colorable allegations supporting the "similarly situated" prong of an ECOA disparate treatment claim.

Considering the fourth prong of an ECOA prima facie case, in conjunction with Paragraphs 6-8 of Plaintiff's Complaint, it is the opinion of the Court that the Plaintiffs have pled facts that are "merely consistent with" the USDA's liability for a violation of the ECOA, as opposed to facts which *plausibly establish* Plaintiffs' right to recovery under the ECOA. But, unfortunately for Plaintiffs, the Supreme Court has held that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*,

6

Case 5:10-cv-00197-BO   Document 86   Filed 02/02/11   Page 6 of 8

550 U.S. at 557) (internal quotations and brackets omitted). Plaintiffs' minimal burden, at the pleading stage, is to come forward with more than a mere recital that they were "intentionally and unlawfully discouraged, delayed and denied loan applications . . ." (Compl. at ¶ 8.) Plaintiffs' bald recitations and unsupported legal conclusions render their Complaint subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

The ECOA claims purportedly asserted against Defendant are hereby dismissed because Plaintiffs' allegations fail to allege either (1) direct statements of discrimination, (2) disparate impact discrimination, or (3) disparate treatment discrimination, any one of which might give rise to the Defendant's liability under the ECOA.

ii. Plaintiffs' Non-ECOA Claims

The Government has moved, under Federal Rule of Civil Procedure 12(b)(6), to dismiss the Plaintiffs' remaining non-ECOA claims for failure to state a claim. Plaintiffs' sole contention in response to the Government's Motion is that the Government's arguments are "feckless" and "without merit." How Plaintiffs reach this conclusion is unclear, however, because they fail to develop any argument or otherwise to direct the Court's attention to the problems with the Government's logic. Plaintiffs' dismissive response fails to substantively address the specific and well-grounded legal challenges made by the Government in its Motion to Dismiss.

Plaintiffs, as the Government rightly contends, present insufficient evidence establishing a plausible right to recovery under any non-ECOA theory of liability. At the pleading stage, the plaintiff is required to allege facts that support each of his various claims, rather than merely offering labels and conclusory allegations. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S.

7

at 555. Here, the Complaint before the Court merely invokes various statutory and Constitutional provisions and then states, in bare and conclusory style, that Plaintiff is entitled to recover under those provisions. Plaintiffs' denudate pleading is ineffective since "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Considering the Complaint, the Defendant's instant Motion, as well as the Plaintiffs' response in opposition, the Court finds that the Plaintiffs have failed to plead a plausible right to relief under any of the non-ECOA claims. Defendant is entitled to dismissal of all non-ECOA claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment of the United States [DE 71] is GRANTED. The Clerk is directed to close the case.

DONE AND ORDERED.

This 31 day of January, 2011.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8